UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PAYABILITY COMMERCIAL FACTORS, LLC<br><br>       *Plaintiff*,<br><br>    v.<br><br>33ACROSS, INC.,<br><br>       *Defendant*. | Case No. 1:16-cv-928-LY |

**33ACROSS'S ALTERNATIVE MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK BECAUSE OF INCONVENIENT VENUE**

Table of Contents

Page

I. FACTS ................................................................................................................................ 1

II. THE CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSES AND IN THE INTERESTS OF JUSTICE ....................................................................................... 1

   A. Payability's Choice of Forum is Entitled to Little, if any, Weight ...................................... 2

   B. The Private Interest Factors Support Transfer ................................................................... 3

      1. The Relative Ease of Access to Sources Of Proof .......................................................... 3

      2. The Availability Of Compulsory Process To Secure The Attendance Of Witnesses .. 4

      3. The Cost of Obtaining the Attendance of Willing Witnesses ....................................... 5

      4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious And Inexpensive ..................................................................................................................... 5

   C. The Public Interest Factors All Favor Transfer to New York or Are Neutral ...................... 6

      1. The Administrative Difficulties Caused By Court Congestion ................................... 6

      2. The Local Interest in Adjudicating Local Disputes ...................................................... 6

      3. The Avoidance of Unnecessary Problems in Conflict of Laws ................................... 7

III. CONCLUSION ................................................................................................................... 8

Table of Authorities

Page(s)

**Cases**

*Davies Innovation, Inc. v. Sig Sauer, Inc.*,
  2016 U.S. Dist. LEXIS 102565 (S.D. Tex. 2016) ................................................................. 4

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947) ......................................................................................................... 1, 6

*In re Volkswagen*,
  506 F.3d 376 (5th Cir. 2007) ..................................................................................... 1, 2, 5, 6

*In re Volkswagen*,
  545 F.3d 304 (5th Cir. 2008) (en banc) ..................................................................... 1, 2, 3, 6

*Noble v. Geo Group, Inc.*,
  2008 U.S. Dist. LEXIS 49899 (W.D. Tex. 2008) .................................................................. 2

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................. 1

33Across, Inc. ("33Across") submits this alternative motion; in the event the court denies the accompanying motion to dismiss, it should transfer this cause of action to the Southern District of New York ("SDNY") for the convenience of the parties and the witnesses and in the interest of justice. Counsel for 33Across attempted to confer in good-faith to resolve the matter by agreement, but received no response from Plaintiff.

**I.   FACTS**

The facts are set forth in detail the accompanying motion to dismiss. To avoid repetition, 33Across directs the court to that discussion. (*See* Dkt. 15.)

**II.   THE CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSES, AND IN THE INTERESTS OF JUSTICE**

The transfer statute, 28 U.S.C. § 1404 (a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

If subject matter jurisdiction had existed (it does not), this case could have been brought in New York federal court, where both Payability and 33Across are located.

To determine whether to transfer under § 1404(a), the Court balances certain private and public interest factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008) (*VW II;* en banc); *In re Volkswagen*, 506 F.3d 376, 380 (5th Cir. 2007) ("*VW I*").

The private factors are:

(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

1

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

The public interest factors involve:

 (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

In *Gulf Oil Corp.*, 330 U.S. at508-09, the Supreme Court held:

The[] [general venue] statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy.  But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. *A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.*

(emphasis added).

Unfortunately, this admonition is applicable here.  Payability should not be allowed to use a "most inconvenient place for an adversary" as leverage to try to extract a settlement – especially for a case that should never have been brought in the first place.

### A. Payability's Choice of Forum is Entitled to Little, if any, Weight

The plaintiff's choice of forum is simply "treated 'as a burden of proof question.'" *VW II 314* at n. 10; *VW I* at 381-84.

 "Where the plaintiff's chosen forum has no factual nexus to the case, that choice carries little significance if other factors weigh in favor of transfer."

*John Hanby & Hanby Env. Lab. Procedures v. Shell Oil Co.,* 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001); *see also Noble v. Geo Group, Inc*., 2008 U.S. Dist. LEXIS 49899 at * 11 (W.D. Tex.

2008); *Owens v. Midsouth Barge Svs., Inc.,* 2008 U.S. Dist. LEXIS 15450 at *10 (S.D. Tex. Feb. 29, 2008).

Although this consideration is not treated a "factor," *VW II* at 314 n.10, the absence of any connection to the chosen forum nevertheless demonstrates Texas is the wrong jurisdiction for this case.

### B. The Private Interest Factors Support Transfer

#### 1. The Relative Ease of Access to Sources of Proof

This Court has held:

"The convenience of the witnesses has often been cited as the most important factor in determining whether a case should be transferred pursuant to § 1404(a)."

*Noble,* 2008 U.S. Dist. LEXIS 49899 at *14.

All proof related to this cause of action is located in parties' New York offices. None is in Texas. Whatever the reason, the fact is that Plaintiff has filed this suit in a district that has no potential witnesses located in the State and has no nexus whatsoever to the cause of action.

By contrast, New York is home to a number of (perhaps all) potential witnesses. Both parties' offices are in New York, where all the following work:

<u>33Across</u>

- Raviv Shefet (Chief Financial Officer);

- Orchid Richardson (General Manager Publisher & Media Solutions and author of a number of the attached emails);

<u>Payability</u>

- Scott Lynn ("Acting President" and "sole member");

- Keith Smith (CEO, who signed the BRAV-Payability Agreement);

3

- Harold Prichett (Financial Manager and author and recipient of attached emails); and

- Michael Fortugno (Corporate Controller and author and recipient of attached emails).

(Dkt. No. 16-1, Lowenstein Dec.; Dkt. Nos. 16-3, 16-4, 16-9, and 16-10; Dkt. No. 15-2, Shefet Dec. at ¶¶ 1, 3, 4; Dkt. Nos. 15-4, 15-7 and 15-8).

The subject matter of 33Across's witnesses' testimony will include: the agreement reached with BRAV; the fraudulent activity that reduced the amount of money due BRAV; practices in the industry vis-à-vis fraudulent activity; payments made to BRAV and Payability; and the discrepancy between the amount due and the amount demanded. Payability's witnesses can be expected to provide symmetric admissions on many of these topics where they have personal knowledge. Obviously, this proposed testimony is far greater than any testimony from a Texas witnesses, of which there is none.

Ultimately, where the convenience of the witnesses far exceeds any possible connection to the forum, the case should be transferred. *VW II* at 314 and 316 ("When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." "[T]he venue transfer analysis is concerned with convenience….")

This factor, therefore, strongly favors transfer of this action.

### 2. The Availability of Compulsory Process to Secure the Attendance Of Witnesses

33Across is not aware of any relevant witnesses who could be compelled to attend trial in Texas. By contrast, with the exception of BRAV's Canadian owner (who may not be a necessary witnesses), all relevant witnesses, can be compelled to testify in the SDNY. This

4

factor also strongly favors transfer.  *VW II* at 316; *Hanby* at 678.

### 3. The Cost of Obtaining the Attendance of Willing Witnesses

The cost of attendance for willing witnesses in Texas compared to the SDNY is significantly larger.  "[T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Owens,* 2008 U.S. Dist. LEXIS 15450 at *11 (quoting *VW I*).  The distance between Austin and New York is over 1,700 miles (*see* Google Maps) and the cost of plane fare far exceeds the cost of a short walk or subway ride from 33Across's and Payability's office in lower Manhattan to the Courthouse (11 minute walk from Payability's office and a 22 minute subway ride from 33Across's.  *See* Google Maps).  A trip to Texas from New York will not take one day.  Additional lodging and local transportation cost will far exceed the cost of a subway ride. All this time away from work and additional unnecessary expense favors transfer.  *See Davies Innovation, Inc. v. Sig Sauer, Inc.*, 2016 U.S. Dist. LEXIS 102565 (S.D. Tex. 2016); *see also VW II* at 317.  The reality is the cumulative transportation and lodging costs to attend trial in Texas could well exceed the $8,000 at issue (a fact presumably not lost on Payability).

This factor strongly favors transfer.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

There is no possibility of delay or prejudice if the case is transferred. This motion has been brought at the outset of this litigation.  There will be no prejudice to Payability associated with litigating in New York.

This factor is neutral.

5

As a result, the private interest factors, on balance, strongly point to a transfer to New York. None favor retaining the case in this district.

### C. The Public Interest Factors All Favor Transfer to New York or Are Neutral

#### 1. The Administrative Difficulties Caused By Court Congestion

Based on the latest available statistics, (Dkt. No. 16-1, Lowenstein Dec.; Dkt. Nos. 16-17, 16-18), the Northern District of Texas had 1208 pending cases and a median time to trial for civil cases of 26.9 months. By comparison, the SDNY had 655 pending cases and a median time to trial of 25.1 months.

This factor, therefore, is neutral or favors transfer.

#### 2. The Local Interest in Adjudicating Local Disputes

This jurisdiction has no connection to Payability's claims. The SDNY, by comparison, has considerable interest in adjudicating the claims there, which include what appears to be an attempt to extract payment from a local company by fraudulent means and potential counterclaims asserted against Payability related to its improper use of 33Across's dashboard. *VW II* at 317-318; *Hanby* at 679 (Strong local interest in resolving dispute concerning a local company).

This factor, therefore, strongly supports transfer. *Hanby* at 679; *VW I* at 387 (lack of local interest "weighed heavily in favor" of transfer).

##### a. The Place of the Alleged Wrong

The location of the alleged wrong is a pertinent consideration. *VW I* at n.7. To the extent a wrong occurred here, it was most likely in Canada, where BRAV is located. Or, if Payability is right (and it is not), in New York, where 33Across allegedly failed to make a payment to

6

Payability, also located in New York.  No wrong took place in Texas.

This factor weighs strongly in favor of transfer.  *Hanby* at 678.

### b.  The Unfairness of Burdening Citizens in an Unrelated Forum With Jury Duty

"[T]he unfairness of burdening citizens in an unrelated forum with jury duty" is a factor that is considered in a transfer analysis. *VW I* at 387 n.1.

Jurors in this district should not be burdened by a suit between two New York companies that have no connection to this State.  As the Supreme Court held in *Gulf Oil* at 508-09:

> "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."

*See also VW I* at 386-87.

New York jurors, on the other hand, can be expected to serve on a case that directly relates to two local companies.

Because of New York's overwhelmingly stronger interest in adjudicating this case compared to Texas, this "factor weighs heavily in favor of transfer" to New York.  *VW I* at 387; *Hanby* at 679.

### 3.  The Avoidance of Unnecessary Problems in Conflict of Laws

Either this or a New York court can adjudicate the amount that BRAV was due under the relevant agreements between BRAV and 33Across, and the subordinate claim Payability is making. This factor is neutral.

*   *   *

33Across has more than met the "good cause" standard by showing that the SDNY "is clearly more convenient." *VW II* at 315.  Because there is no relevant connection to this State by either party, and no connection between the State and the underlying facts, Payability cannot

7

demonstrate why this forum is convenient for any party or any relevant witness, or why any public interest factor weighs in favor of keeping the case here.

## III. CONCLUSION

For the foregoing reasons, this case must be dismissed, or in the alternative transferred to New York.

Respectfully Submitted,

Dated: November 8, 2016.

By: /s/ John M. Shumaker
John M. Shumaker (TXSB #24033069)
LEE & HAYES PLLC
11501 Alterra Parkway, Ste. 450
Austin, TX 78758
P: (512) 605-0260
F: (512) 605-0269
jshumaker@leehayes.com

Of Counsel

David A. Loewenstein (*pro hac vice*)
PEARL COHEN ZEDEK LATZER BARATZ
1500 Broadway
New York, NY 10036
P: 646-878-0800
DLoewenstein@PearlCohen.com

*Counsel for Defendant 33Across Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel of record for Plaintiff Payability Commercial Factors, LLC via e-mail on November 7, 2016 and November 8, 2016 regarding the Defendant's intent to file this motion.  As of filing, Plaintiff did not reply and no agreement could be made.  As a result, Defendant anticipates that this motion is opposed.

/s/ John M. Shumaker
John M. Shumaker

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kelsey A. Copeland
Shook, Hardy & Bacon LLP
600 Travis St., Suite 3400
Houston, TX 77002
kcopeland@shb.com

Richard F. Shearer
Shook, Hardy &Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613
rshearer@shb.com

/s/John M. Shumaker
John M. Shumaker (TXSB #24033069)
LEE & HAYES PLLC
11501 Alterra Parkway, Ste. 450
Austin, TX 78758
P: (512) 605-0260
F: (512) 605-0269
jshumaker@leehayes.com