UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PAYABILITY COMMERCIAL FACTORS, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>33ACROSS, INC.,<br><br>*Defendant*. | Case No. 1:16-cv-00928-LY |

### 33ACROSS'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Payability's "Response in Opposition" to 33Across's motions to dismiss only reinforces what 33Across said in its opening papers – this case was frivolous from the outset and should never have been brought.  The "Response" confirms that.  There is, and was, no factual or legal basis to bring these claims – and Payability's abject failure to even address the most fundamental defect, the absence of subject matter jurisdiction, demonstrates that Payability concedes that defect.  The absence of personal jurisdiction is relegated to a short footnote that cites a "considerable body of authority," two irrelevant cases.

Most importantly, because the court has neither subject matter nor personal jurisdiction, now indisputable legal conclusions, it cannot transfer this case.  *Orix Pub. Fin., LLC v. Lake County Hous. & Redevelopment Auth.,* 2011 U.S. Dist. LEXIS 91857 at * 24 (N.D.  Tex. 2011) (citing cases). Moreover, a federal court cannot transfer a case to State court, as Payability suggests. *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 429 (3rd Cir. 1983); *Creative Picture Framing, Inc. v. United Fire Group,* 2009 U.S. Dist. LEXIS 29191 at *8-9 (E.D. La.

1

2009*)* ("As the Third Circuit explained in *McLaughlin*, 28 U.S.C. §1631 does not give a federal court lacking subject matter jurisdiction over a case the authority to transfer the case to state court." (citation omitted)).

A few minutes of legal research would have revealed that Payability's "Response" had no basis in existing law, and is consistent Payability's approach to this case from the outset.

I.      **THERE IS NO SUBJECT MATTER JURISDICTION**

As 33Across explained in its opening papers (Dkt. 15-1 at 14), a party cannot "consent" to subject matter jurisdiction, if that is what Payability is somehow trying to do. ("Payability respectfully submits the Motion to Dismiss can be denied as moot . . . (Dkt. 30 at 4)). Why the motion to dismiss is moot is anyone's guess. Payability, however, cannot bootstrap its way into federal court.

Regardless, 33Across explained in great detail in its opening papers why there is no subject matter jurisdiction here – or in any federal court.  Payability has not uttered one word in opposition concerning that issue.  The case, therefore, must be dismissed on this ground. *CAPPA Fund III, LLC v. ACTTHERM Holding*, a.s., 2010 U.S. Dist. LEXIS 102302 at *9 (N.D. Tex. 2010) ("By not responding to the merits of Defendants' Motion to Dismiss and moving to transfer pursuant to section [28 U.S.C.] 1631, which applies when a court lacks jurisdiction, Plaintiff admits that this court lacks personal jurisdiction over Defendants. Accordingly, the court determines that it lacks personal jurisdiction over Defendants.")

Transferring the case to New York will not remedy that defect. There is still no diversity and the jurisdictional amount does not exist.  Payability has simply ignored these insurmountable defects, and transfer would be futile. *Hargrove v. U.S.*, 2016 U.S. Dist. LEXIS 99732 (C.D. Cal. 2016)  ("A federal court may decline to transfer an action in the interest of justice if it appears

that transfer would be futile, for example if it appears that the transferee court would lack jurisdiction as well." Citing cases)

## II.     THERE IS NO PERSONAL JURISDICTION

The two cases Payability cited in a footnote supposedly showing personal jurisdiction exists are irrelevant because there is also no subject matter jurisdiction here or in New York federal court.

However, it is worth pointing out that the cases do not, and cannot, stand for the proposition that a plaintiff's unilateral action can somehow tie a defendant to a distant jurisdiction.  (*See* Dkt. 20 at pp. 14-15).

The cases stand for the proposition that a close family relationship (i.e., between spouses) or a signatory, can be held to a forum selection clause. Neither case relates to third-party beneficiaries.

In *Lipcon v. Underwriters at Lloyd's, London*¸ 148 F.3d 1285 (11th Cir. 1998), there were two sets of spouses at issue; two persons signed the agreement with the forum selection clause and their respective spouses did not sign that agreement, but signed a related agreement with the same party. *Id.* at 1289.  The Court held the non-signing spouses' rights were "completely derivative" of those who signed the agreement with the forum selection clause and their interests were "'directly related, if not predicated upon' the interests of the Name plaintiffs [i.e., the parties who agreed to the forum selection clause]" *Id.* at 1299.  The Court held under these circumstances, the non-signatories were bound by the choice of law and forum clauses. None was a third-party beneficiary.

In *Sure Fill & Seal, Inc. v. Platinum Packaging Group, Inc.,* 2010 U.S. Dist. LEXIS 114468 (M.D. Fla. 2010), two of the three defendants did not contest personal jurisdiction, and

the third defendant had been dismissed. (*Id.* at *3). There had been a previous related lawsuit in the forum in question, and the party at issue, Mr. Lowe, had signed the agreement in issue on behalf of the plaintiff and was an officer and principal of the defendant. (*Id.* at n.1). He was a "transaction participant[] to the contract" and the other defendant benefited financially from that agreement (*Id.* at *4). Under that circumstance defendants were subject to the forum section clause. No one was a third-party beneficiary.

In both cases, the close relationships to the signatory existed *before* (and after) the transaction at issue (i.e., the factoring agreement). Here, 33Across had – and still has – no relationship with Payability.

33Across never saw the underlying agreement until the suit was filed (Dkt. 19-1 at ¶ 16), and, if anything, was antagonistic to both BRAV and Payability. There was no relationship between 33Across and Payability at any time, and the relationship between 33Across and BRAV was certainly not "close" or "derivative." 33Across, of course, did not participate in the factoring agreement at issue, which has the choice of forum clause.

A closer looks shows Payability's argument is circular – the agreement that contains the forum selection clause cannot *create* the required relationship. That relationship must exist *before* the agreement was entered. Otherwise a plaintiff could force a defendant, with whom it never had a relationship (as here), into any remote forum it chose simply by entering an agreement the defendant had never seen. Obviously, the cited cases do not support that conclusion, nor could they.

As 33Across explained in the opening papers, as a constitutional imperative the defendant must have "*purposefully* established 'minimum contacts.'" (Dkt. 15-1 at 14; emphasis added). Restated, a plaintiff cannot unilaterally create personal jurisdiction. (*Id*. at 14-15). And, it

4

cannot artificially create jurisdiction by entering into an agreement with a third party. Payability never addresses any of these issues.

### III.  THE COURT CANNOT TRANSFER THIS CASE

Although Payability has not cited 28 U.S.C. § 1631, as the cases cited above show, that statute allows transfer, but in very limited circumstances. Even assuming that personal jurisdiction existed, the movant must still show that the transfer is in the interest of justice. *Orix* at **23-24. However, Payability has not, and cannot, show that justice would be served by prolonging this one-sided debate, and as offered no evidence to support that unsupportable claim. *Id.* at 24 (no evidence supplied; case dismissed). Rather, it is in the interest of justice to dismiss this case instead of burdening another court with procedural and substantive defects, where Payability has no chance to succeed.

Transfer to the Southern District of New York would be a colossal waste of time and judicial and party resources because subject matter jurisdiction cannot exist there anymore than here.

### IV.  CONCLUSION

Because the court lacks jurisdiction, both subject matter and personal, it cannot transfer this case, and must dismiss it.

/ / /

/ / /

Dated:  December 27, 2016.	Respectfully submitted,

                LEE & HAYES PLLC

                By: /s/ John M. Shumaker
                John M. Shumaker (TXSB #24033069)
                11501 Alterra Parkway, Ste. 450
                Austin, TX 78758
                P: (512) 605-
                F: (512) 605-0252
                jshumaker@leehayes.com

OF COUNSEL
David A. Loewenstein
*Admitted Pro Hac Vice*
PEARL COHEN ZEDEK LATZER BARATZ
1500 Broadway
New York, NY 10036
64-878-0800
DLoewenstein@PearlCohen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December 2016, I electronically filed the foregoing 33Across's Reply in Support of its Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kelsey A. Copeland
kcopeland@shb.com

Richard F. Shearer
rshearer@shb.com

/s/John M. Shumaker
John M. Shumaker (TXSB #24033069)
11501 Alterra Parkway, Ste. 450
Austin, TX 78758
P: (512) 605-
F: (512) 605-0252
jshumaker@leehayes.com